UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDRES BALLARES,

                Petitioner,

    -against-

ICE,[1]

                Defendant.

------------------------------------------------------------X

MEMORANDUM
AND ORDER
07-CV-3310 (NGG)



NICHOLAS G. GARAUFIS, United States District Judge:

Petitioner Andres Ballares ("Petitioner" or "Ballares"), currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking this court's intervention in the Bureau of Prisons' ("BOP") operation of its facilities. Specifically, petitioner seeks access to the BOP pre-release programs offered only to United States citizens on the grounds that he is entitled to derivative citizenship through (1) the naturalization of his mother, Maria Elena Arce, and (2) his own naturalization. (Petition for Writ of Habeas Corpus ("Pet.") at 1.) The Petition appears to be improper, and Ballares is ordered to show cause why the action should not be dismissed.

**Background**

Petitioner states that he was born on January 19, 1977 in Cali, Columbia to Maria Elena Lazano ("Maria"), a single mother who was a Colombian national. (Id. at 2.) His father, whom he never met and to whom his mother was never married, was Henry Ballares.[2] (Id.) On April

---

[1] Petitioner names "ICE" which the Court presumes is Immigration and Customs Enforcement (ICE), the largest legislative division of the Department of Homeland Security.

[2] Petitioner does not identify the citizenship of his father.

1

28, 1987, Maria was married to Carlos Guido Arce in Queens County, New York, and on November 15, 1988, Maria became a citizen of the United States.³ (Id. at 2-3) On October 6, 1989, Petitioner entered the United States as a permanent resident; he was twelve years old. (Id.) On January 4, 2003, Petitioner applied for naturalization (Id. at Ex. 10 (Naturalization petition).)

On November 15, 2004, he was arrested for conspiracy to import cocaine into the United States. He pleaded guilty to that charge on October 25, 2005, and he is currently awaiting sentencing in this court. United States v. Ballares, 04-CR-1093 (NGG).

### Discussion

In reviewing Petitioner's Complaint, the court is mindful that Petitioner is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235, 1244 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Id., see also Fed. R. Civ. P. 12(h)(3).

Petitioner asserts that this court has jurisdiction "to determine whether [he] is citizen and therefore not removable from the United States." (Pet. at 1.) Whether Petitioner is removable

---

³It is not clear when Maria entered the United States.

2

from the United States is not, however, the subject of the Petition. Rather, Ballares petitions this court to make a determination concerning his immigration status. Specifically, he claims that he is entitled to derivative citizenship, and petitions this court to advise the BOP that he is eligible for pre-release programs offered to United States citizens. This court is without jurisdiction to do so.

If Petitioner seeks derivative citizenship, as he now claims to, he must apply for a certificate of citizenship in accordance with the procedures specified in 8 U.S.C. § 1452 and 8 C.F.R. § 341.1(a). Once notice is received by a petitioner that his application for a certificate of citizenship has been denied, the petitioner must appeal to the Associate Commissioner, Examinations, in accordance with the provisions of 8 C.F.R. §§ 103.1(F)(3)(iii)(p) and 103.3. The determination of the Associate Commissioner, Examinations, constitutes final agency action within the meaning of 5 U.S.C. § 704. At that point, if an applicant believes that the denial of the application for certificate of citizenship is illegal, then there is an actual controversy within the jurisdiction of this court, and the applicant could apply to this court for declaratory and injunctive relief, *i.e.* declaring the applicant a citizen and ordering that the application be granted. See 5 U.S.C. § 704 ("[Under the APA,] a preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."). This court is without jurisdiction to review the agency determination until Petitioner has exhausted his administrative remedies.

In this case, Petitioner filed an application for naturalization on January 24, 2003. (Pet. at Ex. 10.) By notice dated November 6, 2003, Ballares was informed by United States Immigration and Naturalization Service (now known as the United States Citizenship and

3

Immigration Services, "USCIS") that evidence was missing from his application and that he would be notified of an interview date within 540 days. (Id.) It appears that no further action has occurred. After a review of the record, it appears that Petitioner filed the incorrect application and has not yet begun the process to obtain derivative citizenship.[4] Consequently, this court does not have jurisdiction to review any actions taken thus far by USCIS.

Furthermore, this court cannot compel the BOP to enroll him in the pre-release programs he seeks even if it were to liberally construe the Petition as one seeking a wirt of mandamus. While the Mandamus Act, 28 U.S.C. § 1361, vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," the Second Circuit has held that a writ of mandamus may issue only when there is "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the defendant's part to do the act in question; and (3) lack of another available, adequate remedy." Billiteri v. United States Bd. of Parole, 541 F.2d 938, 946 (2d Cir. 1976).

The BOP has "sole discretion" to determine the facility and the treatment programs, if any, in which a federal prisoner should be placed. United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); see also Terry v. Menifee, No. 04 Civ. 4505, 2004 WL 2434978, at *5 (S.D.N.Y. November 1, 2004) (noting that the BOP "exercises complete control" over the placement of prisoners in Community Corrections home confinement programs). In fact, the BOP's discretion in making classification decisions is "virtually unfettered." Gissendanner v. Menifee, 975 F.

---

[4]The court offers no opinion as to whether Petitioner derived United States citizenship through his mother.

Supp. 249, 251 (W.D.N.Y. 1997) (citation omitted). Thus, not only does Petitioner lack a clear right to programs only available to United States citizens, Petitioner's placement in pre-release programs is within the sole discretion of the BOP and is clearly not a "plainly defined and peremptory duty." See Natural Resources Defense Council, Inc. v. Thomas, 689 F. Supp. 246 (S.D.N.Y. 1988), aff'd, 885 F.2d 1067 (2d Cir. 1989) ("[I]t is well settled that a writ of mandamus can only compel an official to perform a ministerial duty and not a discretionary act). Since Petitioner does not have a clear right to the program and his placement in the program is within the BOP's sole discretion, it would be inappropriate for this court to compel performance of that act through a writ of mandamus.

## Conclusion

For the reasons stated above, this court, in exercising its independent obligation to determine whether subject-matter jurisdiction exists, Arbaugh, 126 S. Ct. at 1244, finds no basis for the exercise of its subject-matter jurisdiction, notwithstanding its liberal reading of the Petition. However, in light of Petitioner's *pro se* status and uncertainties concerning Petitioner's application for citizenship, Petitioner is afforded thirty days to file an affidavit showing cause why the action should not be dismissed for lack of subject-matter jurisdiction. All further proceedings shall be stayed for thirty (30) days or until Petitioner has complied with this Order. If Petitioner fails to comply with this Order within the time allowed, the Petition shall be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/NGG

_____
Nicholas G. Garaufis
United States District Judge

Dated: November 17, 2007
       Brooklyn, New York