UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————X

ANDRES BALLARES,

                Petitioner

     -against-

ICE,

                Respondent.

———————————————————————————X

MEMORANDUM
AND ORDER
07-CV-3310 (NGG)

GARAUFIS, United States District Judge.

On August 6, 2007, Andres Ballares ("Petitioner"), currently incarcerated at Metropolitan

Detention Center in Brooklyn, N.Y., filed this *pro se* petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241 seeking both a declaration that he is a United States citizen and access to

pre-release programs offered by the Bureau of Prisons only to United States citizens. (Petition

for a Writ of Habeas Corpus ("Petition") at 1 (Docket Entry # 1).) By Order dated November 12,

2007, the court found that it lacked subject-matter jurisdiction over Petitioner's Petition. (Docket

Entry # 3.) However, out of an abundance of caution, the court directed Petitioner to submit an

affidavit within thirty days showing why his Petition should not be dismissed. Petitioner

submitted a timely affidavit. (Affidavit ("Aff.") (Docket Entry # 4).) For the reasons set forth

below, the Petition is dismissed for lack of subject-matter jurisdiction.

**I.**     **Background**

Petitioner was born on January 19, 1977 in Cali, Colombia to Maria Elena Lozano

("Maria"), a single Colombian national. (Petition at 2.) On April 28, 1987, Maria married

Carlos Guido Arce in Queens County, New York, and on November 15, 1988 Maria became a

1

United States citizen. (Id.) On October 6, 1989, Petitioner entered the United States as a permanent resident. (Id.) On January 4, 2003, Petitioner applied for naturalization. (Id. at Exhibit # 10.)

On November 15, 2004, Petitioner was arrested for conspiracy to import cocaine into the United States, to which he pleaded guilty on October 25, 2005. (United States v. Ballares, 04-cr-1093 (NGG) Complaint (Docket Entry #1), Plea (Docket Entry # 66).) Petitioner was sentenced on December 4, 2007 to 120 months of imprisonment, five years' supervised release, and a $100 special assessment. (United States v. Ballares, 04-cr-1093 (NGG) Docket Entry # 118.) Petitioner filed a notice of appeal on the same day. (United States v. Ballares, 04-cr-1093 (NGG) Docket Entry # 121.) His appeal is now pending before the Second Circuit.

## II. Discussion

### A. Citizenship

Petitioner asks this court to declare that he is a citizen of the United States. The court is without jurisdiction to make this declaration, for its jurisdiction to hear claims regarding naturalization and derivative citizenship is narrow and not applicable here.

#### 1. Naturalization

Petitioner is a thirty-one year-old immigrant from Colombia and has been a lawful permanent resident since October 6, 1989. Petitioner applied for United States citizenship by filing an application for naturalization on January 24, 2003. By notice dated November 6, 2003, he was informed by the United States Immigration and Naturalization Service (now known as the United States Citizenship and Immigration Services ("USCIS")) that information was missing from his application and that he would be notified of an interview date within 540 days. (Id. at

2

Exhibit # 10.) It appears that no further action has been taken on his application for naturalization.

This court has jurisdiction to review the determination of an application for naturalization only after the administrative process has been exhausted.[1] 8 U.S.C. § 1421(c) ( "A person whose application for naturalization under this subchapter is denied . . . may seek review of such denial before the United States district court . . . ."). Since Petitioner's application for naturalization is still pending,[2] this court is without jurisdiction to review his Petition.

### 2. Derivative Citizenship

Petitioner's primary argument for citizenship is that he is entitled to derivative citizenship through his mother. Here too the court is without jurisdiction until Petitioner has exhausted the administrative remedies available to him as an individual seeking derivative citizenship.

As stated in the court's previous order, in order to seek derivative citizenship, an applicant must apply for a certificate of citizenship in accordance with the procedures specified in 8 U.S.C. § 1452 and 8 C.F.R. § 341.1 and exhaust his remedies through a final agency determination by the Associate Commissioner, Examinations. At that point, if an applicant

---

[1] There is an exception under 8 U.S.C. § 1447(b) and 8 C.F.R. § 310.5 which allows for judicial review of a pending application where the USCIS fails to make a determination under 8 U.S.C. § 1446 within 120 days of the date an examination has been conducted. This exception does not apply in this case, for Petitioner has not yet had an examination.

[2] Petitioner states in his Petition that he "became a national" but has not yet been sworn in. (Petition at 3.) However, as stated above, it does not appear that USCIS has taken any action on Petitioner's application for naturalization since it notified him on November 6, 2003 that information was missing from his application.

Petitioner's application is now hindered by his aggravated felony conviction. If a person is convicted of an aggravated felony after November 29, 1990, that person cannot establish the "good moral character" required for naturalization. 8 U.S.C. §§ 1101(f)(8) & 1427(a); 8 C.F.R. § 316.10(b)(1)(ii).

believes that the denial of his application for citizenship is illegal, then there is an actual controversy within the jurisdiction of this court. Petitioner has not yet filed an application for citizenship. Aff. at ¶ 2. Therefore, as Petitioner has not exhausted his administrative remedies, this court is without jurisdiction to review his derivative citizenship claim.

While Petitioner may believe that he is entitled to citizenship, he has neither completed the process for naturalization nor begun his application for a certificate of citizenship. Until Petitioner has exhausted his administrative remedies, the court is without subject-matter jurisdiction. For the reasons stated herein and in the court's previous order, the court lacks subject-matter jurisdiction over the petition and it must be dismissed. Fed. R. Civ. P. 12(h)(3); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

B.    Bureau of Prison Programs

As a corollary to his citizenship claim, Petitioner seeks to compel the Bureau of Prisons to include him in pre-release programs available only to United States citizens. As stated in the court's previous order, even if the court were to liberally construe the Petition as one seeking a writ of mandamus, 28 U.S.C. § 1361, Petitioner is not entitled to this extraordinary remedy because he lacks a clear right to the relief requested. Natural Res. Def. Council, Inc. v. Thomas, 689 F. Supp. 246, 260 (S.D.N.Y. 1988), aff'd, 885 F.2d 1067 (2d Cir. 1989) ("[I]t is well settled that a writ of mandamus can only compel an official to perform a ministerial duty and not a discretionary act"). The pre-release programs here at issue are available only to United States citizens, and Petitioner's placement in them is within the sole discretion of the Bureau of Prisons. 18 U.S.C. § 3621(b); United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995). Therefore,

4

Petitioner's request for a writ of mandamus is denied.

## III.    Conclusion

In exercising its independent obligation to determine whether subject-matter jurisdiction exists, Arbaugh, 546 U.S. at 514, the court finds no basis for the exercise of its subject-matter jurisdiction, notwithstanding its liberal reading of the petition. The Petition is therefore dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 15, 2008
      Brooklyn, N.Y.

/signed/

Nicholas G. Garaufis
United States District Judge